LOUIS B. MILLER, executor, etc., plaintiff in error, *vs.* DAVID L. FERGUSON, *et al.* defendant in error.

Where cotton seed were sold by an executor, at public outcry, as old seed, and, on that account, they brought less than half the price of new seed, and there was no fraud on the part of the executor: *Held,* that the purchaser was bound to pay for the seed so purchased.

*Certiorari.* Decided by Judge CLARKE, at Chambers, Randolph County, November, 1867.

Miller, executor of Wiley Miller, brought suits against said Ferguson and Isaac R. Ferguson, respectively, upon

open accounts, in the Justice Court. The defence, in each case, was that the account was raised by said defendants, respectively, having bought cotton seed to plant, from plaintiff, as executor, which he warranted to be sound and fit for planting, and which were unsound and worthless. There was no contest except as to the soundness of the seed and the warranty. By consent, but one of them was tried, and it controlled the other. In each case plaintiff had a verdict. The evidence is stated substantially in the opinion of the Court. A *certiorari* was sued out upon the ground that the verdict was contrary to the evidence. The Court sustained the *certiorari*, and ordered final judgment in each case, for the defendants. The only assignment of error, is that the Court erred in holding said verdicts to be against the evidence.

A. Hood, and E. H. Platt, for plaintiff in error, made the following points: Judges of Superior Courts can not decide matters of fact upon *certiorari*. Code of 1862, sec. 3957. These verdicts are not so *glaringly* wrong as that a correctng Court could set them aside. Headly vs. Ellis, 30 Geo. R., 492. Maddox vs. Simmons, 31 Geo. R., 512. Lang vs. Brown, 29 Geo. R., 638. *Caveat emptor* controls the case; Worthy, *et al.*, vs. Johnson, *et al.*, 8 Geo. R., 240. Aven vs. Beckom, 11 Geo. R., 3. Johnson vs. Andrews, 28 Geo. R., 10. Morris vs. Kenyon, 10 Geo. R., 292-3.

WOOTTEN, HOYLE, LYON, for defendants in error.

WALKER, J.

The cotton seed in controversy were put up at public outcry, and sold as old seed. New seed sold on the same occasion for one dollar and seventy-five cents per bushel; these sold for seventy-five cents per bushel, and they brought only this price because they were sold as old seed, and the bidders had fears as to whether they would come up. No fraud was shown on the part of the seller. The seed were precisely what they were represented to be, and the purchaser had to exercise his own judgment as to the propriety of purchasing them. David L. Ferguson, one of the defendants, cried the

sale, and he swore on the trial that the new seed brought from one dollar and fifty cents to one dollar and seventy-five cents per bushel. "Miller, the plaintiff, had stated to witness that he believed the seed were good. He, the witness, stated to the crowd, in the presence of Miller, that the seed were good. There is no evidence that Miller did not believe the seed to be good. He simply gave as his opinion that the seed were good. It is very evident that the bidders did not understand there was any warranty, nor were there any representations by Miller. All that can be said is, that he gave his opinion, nothing more. The seed were sold as old seed; they were precisely what they purported to be. Some thought the old seed good, others thought them worthless, and in this state of uncertainty they sold for less than half the price of new seed. The jury having found that there was no fraud practiced by Miller, and we thinking the evidence warranted the finding; and the Court having set aside the verdict as being against evidence, the Court erred, and we reverse his ruling. The verdict was in accordance with the evidence, and the Court should have dismissed the *certiorari*.

Judgment reversed.